IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CHARLES CLEVELAND NOWDEN, TDCJ-ID No. 01780278, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION No. 4:17-CV-689-Y |
| O.D.COX, Et Al.. | § § | |
| Defendants. | § | |

OPINION and ORDER OF DISMISSAL
UNDER 28 U.S.C. §§ 1915A & 1915(e)(2)(B)

This case is before the Court for review of pro-se-inmate/plaintiff Charles Cleveland Nowden's complaint under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B).

I. BACKGROUND/COMPLAINT

Nowden has filed a form civil-rights complaint with attachment pages seeking recovery from government officials for alleged violations of his rights under the Fourth and Fourteenth Amendments to the Constitution. (Complaint (doc. 1) at 3-5.) Nowden names as defendants O.D. Cox, criminal investigator, Tarrant County Sheriff's Department; R. Rodriguez, Tarrant County Special Operations Unit; John Doe, confidential informant, Tarrant County Special Operations Unit; and Eugene M. Grant Jr., magistrate judge. (Complaint (doc. 1) at 3.) Nowden recites that in August 2007, Investigator Cox, with the assistance of confidential informant Doe, along with Investigator Rodriguez, obtained search warrants from Magistrate Eugene M. Grant Jr. to seize property located within a warehouse at

5851 East Rosedale Street, in Fort Worth, Texas, and to arrest him. (Complaint (doc. 1) at 4-5; 8-15, Exhibits A and B.) Nowden also has provided as an attachment a copy of an August 20, 2017 "Officer's Return and Inventory Search Warrant" listing the seizure of over 120 appliances and several pieces of other valuable items. (Complaint (doc. 1) at 16–20.) Nowden petitions this Court to issue an order directing the return of the seized property, or to be compensated for what he alleges is a loss of 4 million dollars in value of that seized property. (Complaint (doc. 1) at 4.)

**II. SCREENING UNDER § 1915A and § 1915(e)(2)(B)**

As noted, as Plaintiff is a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening under 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998)(per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2)(B). Both § 1915(e)(2)(B) and § 1915A(b) provide for sua sponte dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on

2

an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffice to state a claim upon which relief may be granted. *Id.*

**III. ANALYSIS**
**A. Duplicative Lawsuit**

In his complaint, Nowden failed to inform the Court that he previously sought relief arising from the same facts and events made the basis of this case in *Nowden v. Doe, Et Al.*, No. 4:15-CV-745-A (N.D. Tex.). In that case Nowden asserted the same underling factual events, and asserted the same claims against defendants O.D. Cox, R. Rodriguez, and John Doe. *See Nowden v. Doe, Et Al.*, No. 4:15-CV-845-A (October 5, 2015 Complaint (doc.1)).[1] In that complaint, Nowden asserted several different claims against several defendants, but included a sixteen-paragraph section sub-titled "False Search Warrant and Arrest Warrant." (*Id.* (doc. 1) at 11-14, ¶¶ 96-111.) Upon review of that complaint under the § 1915A screening provision,

---

[1] The Court takes judicial notice of the records of this the Northern District of Texas in this prior suit. *See* Fed. R. Evid. 201 (b)(2).

the Court listed, among other claims asserted in that case, Nowden's claims against defendants John Doe, R. Rodriguez, and O.D. Cox., and then determined that "plaintiff's claims in this action be and are hereby, dismissed with prejudice pursuant to the authority of 28 U.S.C. § 1915A(b)." *Nowden v. Doe, Et Al.*, No.4:17-CV-745-A(N.D. Tex. Oct. 6, 2015 Order and Judgment).

The United States Court of Appeals for the Fifth Circuit has held that ". . . IFP complaints may be dismissed as frivolous pursuant to [former] § 1915(d) when they seek to relitigate claims that allege substantially the same facts arising from a common series of events that have already been unsuccessfully litigated by the IFP plaintiff." *Wilson v. Lynaugh*, 878 F.2d 846, 850(5th Cir. 1989)(citations omitted). The Fifth Circuit earlier found no abuse of discretion in a district court's determination that an in-forma-pauperis action similar to one previously dismissed, may be dismissed as frivolous or malicious:

> [W]e have dismissed an appeal as frivolous because it involved a duplicative action arising from the same series of events and alleging many of the same facts as an earlier suit, concluding that "repetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. § 1915(d) as malicious." *See Robinson v. Woodfork,* No. 86-3735 (5th Cir. May 22, 1987) (unpublished order) (citing *McCullough v. Morgan,* No. 85-2022 (5th Cir. July 3, 1985) (unpublished order) and *Hill v. Estelle,* 423 F. Supp. 690 (S.D. Tex. 1976)). Other courts have also held that an IFP complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under the authority of [former] section 1915(d).

*Bailey v. Johnson,* 846 F.2d 1019, 1021 (5th Cir. 1988)(other

citations omitted). Furthermore, principles of res judicata serve to bar all claims that were brought or could have been brought based on the same operative factual nucleus. *Mcgill v. Juanita Kraft Postal Service,* No. 03-CV-1113, 2003 WL 21355439, at *2 (N.D. Tex. June 6, 2003), *rep. and rec. adopted*, 2003 WL 21467745 (N.D. Tex June 18, 2003). A complaint is thus malicious and subject to dismissal under §§ 1915A and 1915(e)(2)(B) "when it 'duplicates allegations of another pending federal lawsuit by the same plaintiff' or when it raises claims arising out of a common nucleus of operative facts that could have been brought in the prior litigation." *Id.*(quoting *Pittman v. Moore,* 980 F.2d 994, 994-95 (5th Cir. 1993)).

Nowden's present lawsuit includes both repetitive litigation of the same claims he asserted against John Doe, R. Rodriguez, and O.D. Cox, and a new claim against Magistrate Judge Eugene M. Grant Jr. that he could have asserted in the prior lawsuit. Nowden's allegations and claims in this suit all arise from the same common nucleus of operative facts asserted in the prior suit number 4:15-CV-745-A, and are thus foreclosed from review in this proceeding as duplicative and under the traditional notions of res judicata. *See generally Silva v. Stickney*, No. 3:03-CV-2279-D, 2005 WL 2445433, at *4 (N.D. Tex. Sep. 30, 2005) ("[C]ourts may appropriately dismiss an *in forma pauperis* action as frivolous, when the action seeks to relitigate claims already decided against the *in forma pauperis* plaintiff or when the action seeks to raise claims that could have

5

been brought on the same facts"), *rep. and rec. adopted*, (N.D. Tex. October 20, 2005); *see also Brown v. Thomas,* No. 3:02-CV-0673-M, 2002 WL 31757616, at *3-4 (N.D. Tex. Dec. 3, 2002)(adopting magistrate judge's analysis of *Bailey,* and recommendation that case should be dismissed as duplicative even though earlier case had been dismissed without reaching merits). All of Nowden's claims in this suit therefore must be dismissed under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(b)(i).

**IV. SANCTIONS WARNING**

By a show-cause order entered in this case, the Court directed Nowden to explain why he had failed to list any of his prior lawsuits in the form complaint question asking for such information. (Show Cause Order (doc. 7).) In his complaint in this action, to the question "Have you ever filed any other lawsuit in state or federal court relating to your imprisonment?," and if so "describe each lawsuit in the space below [and] if there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information," Nowden answer "No" and "N/A." (Compl. (doc. 1) § I(A) and (B) at 2.) He did so, in spite of the fact that Court records revealed that Nowden had at that time already filed numerous cases in this district and division.[2] And, he did so even though he also swore under penalty of perjury that "all facts presented in the complaint are true and correct," and even though he was expressly

---

[2] A subsequent search of the PACER court records system showed 16 different suits filed in the United States District Court for the Northern District of Texas under the name Charles Cleveland Nowden or Charles C. Nowden.

warned that "[a]ny false or deliberately misleading information provided in response to the following questions will result in the imposition of sanctions . . . [including] monetary sanctions and/or dismissal of this action with prejudice." (Complaint (doc. 1) at 6.)

Nowden filed both a response and an amended response, and between those two documents, he listed 25 different prior suits and appeals he had filed in both state and federal courts. (Response to Show Cause Order (doc. 7); Amended Response to Show Cause Order (doc. 9).) In both documents, Plaintiff noted he "would like to apologize to this Honorable Court," claimed the failure to acknowledge prior suits and list them was an honest mistake, and claimed he did not intend to provide false information to the Court. *Id.* Because of those representations, the Court will not impose sanctions in this particular case. Nowden is informed, however, that because of his failure to initially inform the Court of prior litigation (including listing case number 4:15-CV-745-A that materially related to this case), and because this case was found subject to dismissal under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A as frivolous or malicious, Nowden is warned that if he files any additional suit that is later found to be subject to dismissal under §§ 1915(e)(2)(B) or 1915A, he will be subject to the imposition of a sanction, including either a monetary assessment, a bar to filing future suits, or both.

V. **ORDER**

Therefore, all claims in this case are **DISMISSED WITH PREJUDICE**

under authority of 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i).

SIGNED January 29, 2019.

_/s/ Terry R. Means_
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE